UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Craig Alan Toaz,
    Plaintiff

3:17cv1425

v.                             | Civil Action

Kathy P. Lane, Warden
D. Altizer, Captain
C. Rothermel, Gregg Unit Manager
C. Snyder, Brady Unit Counselor
  Brown, Gregg Unit Counselor
  One Unknown Correctional Officer,
sued in their individual capacities,
    Defendants

FILED
SCRANTON

AUG 11 2017

PER_____
      DEPUTY CLERK

## CIVIL RIGHTS COMPLAINT

### I. JURISDICTION

1) Plaintiff brings this Civil lawsuit pursuant to Bivens 403 US 388 (1971) to redress the deprivation under the color of Federal Law, of Rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. §2283 and 2284 and Rule 65 of Federal Rules of Civil Procedure.

### II. VENUE

2) The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or ommission giving rise to the claim occurred at Allenwood Low Federal Correctional Institution located within this District.

- 1 -

### III. PARTIES

3) Plaintiff; Craig Toaz, was at all times relevant to this action, a prisoner incarcerated at Low Security Correctional Institution (LSCI) at Allenwood Pennsylvania.

4) Defendant; Kathy P. Lane was at all times relevant to this action, the Warden at Federal LSCI Allenwood and was acting under the color of Federal law by statute 18 U.S.C. §4042 the Warden is responsible for ensuring the safety and well-being of prisoners under her supervision and is further responsible for proper training for all staff and officers employed at LSCI Allenwood. She is sued in her individual and official capacities.

5) Defendant D. Altizer, was at all times relevant to this action acting under the color of Federal law as Captain of Security at LSCI Allenwood, who is responsible to ensure the safety of Plaintiff and to provide, oversee the proper training of all staff and officers who are employed at the prison. He is being sued in his individual capacity.

6) Co-defendant C. Rothermel was at all times Gregg Housing Unit Manager at LSCI Allenwood, who is responsible for overseeing the daily operation for inmate living quarters, acting under the color of Federal law.  he is responsible to ensure that inmates have a safe enviornment to live in. He is being sued in his individual capacity.

7) Defendant C. Snyder, Brady Housing Unit Counselor at LSCI Allenwood was relevant to this action when his actions under the color of Federal law caused Plaintiff physical bodily injury for Plaintiff exercising his right to grievance; he is being sued in his individual capacity.

8) Defendant  Brown, Gregg-B Unit Counselor of LSCI Allenwood was relevant to this action who is responsible for providing inmates with administrative remedy forms when requested.  She is being sued in her individual capacity.

9) Defendant One Unknown Correctional Officer employed at F.C.C. Allenwood

was relevant to this action who was acting under the color of law. This officer allegedly was running a security operation that resulted in physical bodily injury to Plaintiff. He is being sued in his individual capacity.

## IV. STATEMENT OF FACTS

10) Approximately six (6) years ago Plaintiff Toaz was diagnosed with Ulcerative Colitis, which there is no cure for other than to prescribe preventative medication (Mesalamine 800 mg.) to control flare-ups.

11) Currently, Toaz has experienced several flare-ups, which are then treated with a 30 to 60 day regiment of Prednisone.

12) Flare-ups systemal consist of blood and mucus in the stool, extreme stomach pain and cramps, excessive bathroom trips--sometimes up to 8 to 12 times in the first 3 hours in the proximity after wake-up.

13) On June 23, 2017, Toaz went to sick call because he was experiencing another colitis flare-up. That day, his PA Ms. Furca started Toaz on a Prednisone regimen and scheduled for him to return on Monday June 26, 2017 for a full consultation.

14) On Monday June 26, 2017, Ms. Farca examined Toaz and confirmed that he was having a colitis flare-up. However, at that time there was no blood found in Toaz's urine.[1]

15) On June 28, 2017 prison staff conducted a mass shakedown in the housing unit where Toaz was housed.

16) The first step was for staff to secure the unit by having every inmate return to his cube (or cell). These cubes do not have bathrooms within

---

Footnote 1: Blood is usually never found in the urinary tract as a result of an ulcerative colitis flare-up. Blood is normally only found in stool samples.

them.

17) Once the unit was secured Counselor Snyder would only allow one inmate at a time to use the bathroom.

18) When Toaz explained to Snyder that he had a medical condition that required frequent use of the bathroom, and that not allowing Toaz to use the bathroom would be inhumane treatment, Snyder threatened to lock up Toaz in Segregation.

19) Further, Snyder had another (unknown) officer threaten Toaz with segregation if he complained that he needed to use the bathroom. Toaz did explain to that officer of his medical condition.

20) From the time staff secured the unit and then had all inmates leave to go to the Recreation Yard (approximately 2½ hours), Toaz was never allowed to use the bathroom.

21) During the time that Toaz was denied access to the bathroom, he experienced extreme stomach pain and cramps until finally it felt like something broke inside of him, at which point he actually urinated on and deficated on himself as he was walking up to the Rec. yard.

22) Toaz ended up having to clean himself up in the Rec yard bathroom with several other inmates watching him.

23) Snyder along with other unknown officers proceeded to retaliate against Toaz by confiscating the majority of his legal papers and personal and institutional clothing.

24) Later that day, Toaz started experiencing pain when he urinated and he started urinating much more frequently.

25) Upon returning to the unit and finding that his legal papers and clothing had been confiscated and were in the possession of his Unit Manager, Mr. Rothermal, Toaz requested that he (Rothermal) return all items that were seized, or else provide Toaz with a confiscation form, at which time Rothermal

refused either request.

26) Toaz then requested for Rothermel to provide him with Administrative Remedy Form (BP-8) which Rothermel also refused to provide to Toaz.

27) The following Thursday, June 29, 2017, Toaz was still experiencing severe pain while urinating, however because staff was further conducting shakedowns at the remaining two housing units, all normal movement was suspended until further notice. Therefore, Toaz was not able to go to sick call on that day.

28) Further on June 29, 2017 Toaz did request for Rothermel to return all of Toaz's property that had been seized the day before, or to provide him with a confiscation form, which Rothermel refused both requests by Toaz.

29) Toaz then requested Rothermel to provide him with Adiministrative Remedy Forms based on the following grounds that staff had retaliated against him by seizing his property for exercising his right to grievance against staff for the inhumane treatment he had suffered the previous day, which Rothermel once again refused his request for Administrative Remedy Forms.

30) Later that same night, Toaz noticed for the first time that he had blood in his urine.

31) The next morning, Friday June 30, 2017, Toaz went back to sick call where PA Furca took a urine sample and determined that Toaz did have an excess amount of blood in his urine, at which point she placed him on an antibiotic 500 mg. of Ciprofloxacine. However at that time it was never determined what was actually causing the internal bleeding.

32) On Friday June 30, 2017 after leaving Health Services, Toaz was finally able to speak with his Unit Counselor, Ms. Brown, at which time he requested Administrative Remedy forms in order to file a grievance based on the same grounds stated in Paragraph 29. Ms. Brown at that time refused Toaz his grievance request.

33) Later that same day Toaz again requested a grievance form from Ms. Brown and was once again refused access to the institutional grievance procedures.

34) That same day, he also once again requested a grievance forms and for the return of his property that was seized during the shakedown on the previous Wednesday from Unit Manager Rothermel, which Rothermel refused both requests.

35) That same day, Toaz further requested that Rothermel and/or Ms. Brown provide him with a confiscation receipt for his personal property that was seized, and both staff members refused his request.

36) On July 1, 2017 Toaz spoke with Ms. Brown again, who at that time informed him that the reason that Rothermel was holding his property because he had found other inmates personal property in Toaz's legal papers, which was the first time Toaz had heard this from any staff member.

37) Apparently what Rothermel is considering to be another inmate's personal property are court documents such as court orders and opinions, appeal briefs, pre or post-conviction motions that have previously been filed in Federal Court and are Public Published Court Records, who anyone who has a Pacer account can access.

38) It is well known that Toaz is a highly successful Jailhouse Lawyer who over the past 20 years has assisted over 40 inmates in vacating their convictions and/or sentence through several different types of post-conviction procedures, which Toaz keeps records (or copies of the brief) that he has been successful in vacating other inmate convictions/sentences.

39) For example, Toaz is currently assisting Inmate Santana in preparing his first 28 U.S.C §2255 motion because Inmate Santana does not speak or read English. Therefore, it would have been virtually impossible for Santana to file his first timely Section 2255 petition without Toaz's assistance. However it appears that Rothermel is now trying to enforce an invalid prison regulation,

- 6 -

stopping Toaz from furnishing any assistance to Santana or other inmates, which is clearly contrary to Supreme Court Law. See <u>Johnson v. Avery</u> 393 U.S. 483, 486 (1968).

40) Additionally, Rothermel has firsthand knowledge that Toaz was the ghostwriter on three successful lawsuits against the Bureau of Prisons, and has previously threatened Toaz against providing assistance to other inmates who wish to file grievances against the staff here at LSCI Allenwood.

41) Specifically, as it relates to paragraph 40 where Toaz first arrived here at LSCI Allenwood, Rothermel explicitly threatened Toaz that if he helped other inmates file grievances against his staff or officers that he would bury Toaz under this jail.

42) On June 29, 2017 the Sixth Circuit issued their opinion in affirming Toaz's 30 year sentence that he received from the District Court sentence reduction pursuant to frequently. 18 U.S.C. §3582(c)(e)(Case No. 16-1648) Therefore until the staff return all of his legal materials, Toaz will be unable to submit a properly prepared writ of Certiorari to the Supreme Court within the 90 day time period that he has from the June 29, 2017 date.

43) From the date in which Toaz's personal property was confiscated (from June 28 to July 14, 2017) and every day thereafter that Rothermel and Counselor Brown have been present in the institution Toaz has repeatedly requested that his property be returned to him or for staff to provide him with confiscation documentation and Administrative Remedy form as per prison policy which the the above-named staff has refused to provide for Toaz.

44) On July 14, 2017 Counselor Brown did return to Toaz all clothing and some of his legal material that had been confiscated on June 28, 2017. Therefore, Toaz had to endure 16 days without any clean clothes such as socks, or underwear to change into. Still the majority of Toaz's legal material is being witheld from him as of the writing of this complaint.

- 7 -

45) Therefore for above given reasons he now seeks relief from this Federal Court of Law, for the blatant retaliation from the staff for Toaz exercising his right to grievance, and to assist other inmates in their post-conviction motions.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

46) Plaintiff sought to exhaust his administrative remedies as required by prison policy, but both Defendants Rothermel and Brown would not provide any grievance form to Plaintiff.

47) Plaintiff is currently working on his own and several other inmates post-conviction motions (a writ of Cert.) who have time restraints who will suffer irreparable damage by procedurally barring their motion under the Federal Rules of Criminal and Habeas Procedures.

48) Plaintiff is continuing to suffer irreparable injury from his ongoing medical condition that has put his health, safety and life at risk from the staff's cruel and unusual punishment that Toaz was subjected to, that may in fact become fatal if not addressed immediately.

## VI. CAUSE OF ACTION

### COUNT 1

Plaintiff Was Subjected to Cruel and Unusual Punishment in Violation of the Eighth Amendment to the Constitution.

49) Plaintiff incorporates paragraphs 1 through 48 as though they were stated fully herein.

50) Defendants, Warden Kathy P. Lane, Captain D. Altizer, Brady Unit Counselor Snyder and Unknown Correctional officer violated Plaintiff's Eighth Amendment Right to be free from cruel and unusual punishment by keeping Plaintiff who at the time was suffering from an ulcerative colitis flare-up by restraining him from using the bathroom for over 2 and ½ hours which caused serious bodily injury to the Plaintiff.

51) Defendant Rothermel violated Plaintiff's Eight Amendment Right to be free from cruel and unusual punishment by depriving Plaintiff reasonable access to basic personal hygiene materials such as soap, clean clothing, such as underwear and clean socks, for a period of over 21 days by not returning the above items immediately after they were seized on June 28, 2017.

## COUNT II

Plaintiff Was Denied Due Process Under the Fifth Amendment to the Constitution.

52) Plaintiff incorporates paragraphs 1 through 48 as though they were stated fully herein.

53) Defendant Rothermel violated Plaintiff's Fifth Amendment Rights to due process by witholding any and all legal materials that were legitimately in Plaintiff's possession when he has an active case in the U.S. Supreme Court and is assisting other inmates with their post-conviction motions as provided in Johnson V. Avery, 393 U.S. 483, 486 (1968), thus depriving Plaintiff and other inmates the right to reasonable access to the courts by trying to enforce an invalid prison regulation that would restrict Plaintiff from furnishing such assistance to other prisoners and himself.

## COUNT III

Plaintiff and other Inmates Were Denied the Right to Petition the Government for a Redress of Grievance Under the First Amendment to the Constitution.

54) Plaintiff incorporates paragraphs 1 through 48 as though they were stated fully herein.

55) All named Defendants violated Plaintiff's First Amendment Right to be free to petition the government for redress of grievance when staff confiscated all Plaintiff's legal materials such as all Court orders, decisions, opinions and Court transcripts along with all pleadings which would include all direct apeals, briefs or post-conviction motions previously filed with

the U.S. Federal Courts no matter what case that those "Published Public Record" those papers refers to which every U.S. citizen has a Constitutional Right, including Federal prisoners, that can be easily accessed through the prison law library computer system, Lexus, Findlaw or through Pacer. Further, Plaintiff's First Amendment Rights were violated for failure to provide him with the proper administrative remedy forms to redress the valid grievances herewithin.

56) Defendants, Rothermel and Brown violated Plaintiff's Fifth Amendment Right to Due Process by continuosly depriving Plaintiff's access to the Administrative Remedy procedure of the prison by failing to provide him grievance forms upon Plaintiff's request, thus depriving him access to the Courts under the Prisoner Litigation Reform Act.

57) The Plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

Wherefore Plaintiff respectfully prays that this Court enter Judgment granting Plaintiff :

A) A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

B) A preliminary and permanent injunction ordering all Defendants immediately to cease and desist from restraining any and all inmates access to the bathroom in the institution and obstructing inmates from assisting other inmates with preparing post-conviction motions and other legal assistance. (See Preliminary Injunction and/or Protective Order).

C) Order Defendants to pay compensatory and punitive damages in the amount of 2.5 million U.S. dollars against each defendant jointly and severally.

D) Order Defenants to pay reasonable attorney fees and costs; and

E) Grant other just and equitable relief that this Honorable Court deems necessary.

F) A Jury trial on all issues triable by Jury.

Executed on July 21, 2017

Respectfully Submitted,

_____
Craig A. Toaz #07990-040
Pro-Se
Allenwood Low Security Correctional Institution
PO BOX 1000
White Deer, PA 17887

## VERIFICATION

Pursuant to 28 USC §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 21 2017.

_____
Craig A. Toaz

Craig Alan Toaz
#07990-040
F.C.I. Allenwood
P.O. Box 1000
White Deer, PA 17887


U.S. District Court Clerk
William J. Nealon Fed. Bldg
U.S. Courthouse
PO BOX 1148
Scranton, PA 18501

RE: Civil Rights Complaint/Forma Pauperis forms

Dear Court Clerk:

    Please send me the correct form to proceed in forma pauperis and any forms that I need to fill out so the U.S. Marshals can serve all named Defendants.

    Thank you very much for your time and assistance in this matter, if you have any questions concerning my Civil Rights complaint, please feel free to contact me at your convenience.

                               Yours Truly,

                               Craig Toaz

Craig A. Toaz #07990-040
Low Security Correctional Institution
Po Box 1000
White Deer Pa 17887

RECEIVED
SCRANTON
AUG 11 2017
PER _____
DEPUTY CLERK

⇔07990-040⇔
William J Nealon Fed Bldg
US Courthouse
PO BOX 1148
Scranton, PA 18501
United States