DJF:MJB:mel:mmr

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALAN TOAZ, | : | NO. 3:CV-17-1425 |
|     Plaintiff | : | |
| | : | |
| v. | : | (Munley, J.) |
| | : | |
| KATHY P. LANE, Warden, et al., | : | |
|     Defendants | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Kathy Lane, David Altizer, Curt Rothermel, Casey Snyder, and Barbara Brown, submit this brief in support of their Motion for Summary Judgment. This Court should grant the motion because Plaintiff Craig Alan Toaz (Toaz) failed to properly exhaust his administrative remedies.

### I. Procedural History

Toaz is an inmate currently incarcerated at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania (LSCI Allenwood). See Compl. (Doc. No. 1) ¶ 3. On August 11, 2017, Toaz filed a Bivens action against the following LSCI Allenwood staff members: Warden Kathy Lane; Captain David Altizer; Unit Manager Curt Rothermel; and Correctional Counselors Casey Snyder and Barbara Brown. See id. Toaz alleges he suffers from ulcerative colitis and contends

on June 28, 2017, LSCI Allenwood prison staff conducted a two and one-half hour mass shakedown for the duration of which Defendant Snyder restricted his restroom access during an ulcerative colitis flare-up, experienced resultant stomach pain and cramps, and ultimately defecated and urinated on himself. See Compl. (Doc. No. 1) at 3-4. He claims exacerbation of his urinary issues resulted from the bathroom restriction and avers his legal materials were subsequently confiscated by Defendant Snyder and provided to Defendant Rothermel under the false pretense the materials belonged to other inmates, thereby enforcing an invalid prison regulation and denying him and other inmates' reasonable access to the courts. See id. at 4, 7, 9. Additionally, Toaz contends Defendants Rothermel and Brown refused him administrative remedy forms on multiple occasions, and Defendant Rothermel refused to provide him a confiscation form. See id. at 5-6. As relief, Toaz seeks an injunction ordering Defendants to cease and desist from restricting inmates' bathroom access and compensatory and punitive damages in the amount of $2.5 million against each Defendant. See id. at 10.

On December 26, 2017, a Motion for Summary Judgment was filed on behalf of Defendants Lane, Altizer, Rothermel, Snyder, and Brown. The following brief is submitted in support of that Motion.

## II. Factual Background

A separate statement of material facts has been filed for the Court's consideration in accordance with M.D. Pa. Local Rule 56.1. See Statement of Material Facts (SMF). In sum, the Bureau of Prisons (BOP) has established a three-level administrative remedy procedure through which an inmate may submit complaints relating to any aspect of his confinement. SMF ¶¶ 1-8. A review of BOP records reveals that Toaz has filed administrative remedies at the first two levels of the BOP's Administrative Remedy Program concerning the alleged confiscation of his legal materials and invalid federal regulation. See id. ¶¶ 10-17. Both appeals are pending with the BOP's Regional Office. See id. ¶¶ 14, 17. Toaz never filed a remedy regarding bathroom access during the shakedown or associated exacerbation of his ulcerative colitis or urinary issues. See id. ¶ 18.

## III. Question Presented

Whether Toaz failed to properly exhaust his administrative remedies?

**Suggested Answer:** Affirmative.

## IV. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when admissible record evidence, such as facts contained in declarations and other documents show "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  That is, a court should grant the motion if a reasonable jury could not return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In opposing summary judgment, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015).  "[A] plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000).  He cannot satisfy this burden with an affidavit or declaration that sets forth "opinions or conclusions" rather than "specific facts."  Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) (internal quotation marks omitted).

## V. Argument

### A. Toaz has failed to exhaust his administrative remedies.

Toaz has initiated this Bivens to complain of a two and one-half hour mass shakedown which allegedly restricted his restroom access during an ulcerative colitis

4

flare-up which resulted in an exacerbation of his urinary issues and the confiscation of his legal materials.  See generally Compl. (Doc. 1) at 3-4.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  This provision requires an inmate to exhaust administrative remedies prior to filing suit.  See Green v. Department of Corrections, 393 F. App'x 20  (3d Cir. 2010) (finding "[i]t is well-settled that exhaustion must occur prior to filing the action in federal court"); Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006).  A court is not permitted to "excuse compliance" with the exhaustion requirement, "whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (internal quotation marks omitted).  The PLRA also demands "proper exhaustion"—that is, "compliance with an agency's deadlines and other critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 91, 93 (2006).

In the instant case, Toaz has filed two administrative remedies and upon denial at the institutional level, he appealed both decisions to the Northeast Regional Office, where they remain pending.  See SMF ¶¶10-17.  He never filed a remedy regarding

bathroom access during the shakedown or the associated exacerbation of his ulcerative colitis or urinary issues. See id. ¶ 18. Nonetheless, prior to ever filing an administrative remedy at any level regarding the subject matter of the complaint, on August 11, 2017, Toaz prematurely filed his complaint. See Compl. (Doc. No. 1) at 1.

The exhaustion doctrine promotes a number of goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir.1996). With respect to Toaz's complaint, the BOP was never afforded the opportunity to review the issues, develop a factual record, or correct any errors, if applicable.

Circuit courts are unanimous in concluding that exhausting an administrative claim after the filing of an action in federal court does not cure the PLRA infirmity of failure to exhaust. See Oriakhi v. United States, 165 Fed.Appx.at 993 (recognizing, "[i]ndeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). Notably, even if an amended complaint is accepted and served, the Third Circuit has additionally held that the filing

6

of an amended complaint after an unexhausted claim is brought in federal court does not cure the infirmity. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (finding inmate "cannot cure the defect in his action by the proffered amendment of the complaint."). Thus, because Toaz filed his complaint prior to filing any administrative remedy, summary judgment is warranted for failure to exhaust.

## VI. Conclusion

For the above stated reasons, this Court should grant Defendants' Motion for Summary Judgment with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID J. FREED
United States Attorney

s/Michael Butler
Michael Butler
Assistant United States Attorney
PA 81799
Michele E. Lincalis
Supv. Paralegal Specialist
United States Attorney's Office
228 Walnut Street, 2d Floor
P.O. Box 11754
Harrisburg, PA 17108
Tel: 717-221-4482
Fax: 717-221-2246

Dated: December 26, 2017   Michael.J.Butler@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG ALAN TOAZ,** | : | NO. 3:CV-17-1425 |
| Plaintiff | : | |
| | : | |
| v. | : | (Munley, J.) |
| | : | |
| **KATHY P. LANE, Warden, et al.,** | : | |
| Defendants | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 26, 2017, she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

<u>Addressee</u>:

Craig Alan Toaz
Reg. No. 07990-040
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA  17887

s/ Melissa M. Rooney
Melissa M. Rooney, Contractor
Senior Litigation Paralegal
