# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALAN TOAZ, | : | CIVIL ACTION NO. 3:17-cv-1425 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WARDEN KATHY P. LANE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Craig Alan Toaz ("Toaz" or "Plaintiff"), a federal inmate incarcerated at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania, filed the instant <u>Bivens</u>-type civil rights complaint (Doc. 1) on August 11, 2017. <u>See</u> <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Toaz sets forth three "counts" in his complaint, alleging violations of his First, Fifth and Eighth Amendment rights stemming from a June 28, 2017, mass shakedown in his housing unit at LSCI-Allenwood, that resulted in the denial of the use of the bathroom and the deprivation of legal and personal property. (Doc. 1, pp. 8-10).

Presently pending is Defendants' motion (Doc. 15) for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), on the sole issue of whether Toaz exhausted the administrative remedy procedure prior to filing suit in federal court. Because we conclude that the administrative remedy procedure was rendered unavailable to Toaz, the motion will be denied.

I.      **Summary Judgment Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id.; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate

specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Wooler v. Citizens Bank, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex,. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" Picozzi v. Haulderman, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  Statement of Material Facts

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 16, ¶ 1, citing 28 C.F.R. §542 *et seq.*; Doc. 20, ¶ 1). An inmate must initially attempt to informally resolve the issue with

institutional staff by completing a BP-8 form. (Id. at 2 citing 28 C.F.R. § 542.13; Id. at 2). If informal resolution fails an inmate may submit a request *via* a BP-9 form to the Warden within 20 days of the date on which the basis for the request occurred. (Id. at 3, citing 28 C.F.R. § 542.14(a); Id. at 3). An inmate who is dissatisfied with the Warden's response may submit an appeal using a BP-10 form to the Regional Director of the BOP within 20 days of the date the Warden signed the response. (Id. at 4, citing 28 C.F.R. § 542.15(a); Id. at 4). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office within 30 days of the denial. (Id. at 5, 6; Id. at 5, 6). If, at some level, the inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. (Id. at 7, citing 28 C.F.R. § 542.18; Id. at 7). An inmate is not deemed to have exhausted his administrative remedies until the grievance has been pursued through all levels. (Id. at 8, citing § 542.15(a)).

In his complaint, Toaz alleges, that on June 28, 2017, June 29, 2017 and June 30, 2017, and every day thereafter until July 14, 2017, Defendants Rothermel and Brown refused to provide him with Administrative Remedy forms. (Doc. 20, ¶ 8, citing Doc. 1, ¶¶ 26, 29, 32, 33, 34, 41, 43). He did not file a request for administrative relief related to his Eighth Amendment claim of the denial of the bathroom. (Doc. 16, ¶18). Toaz states that he did not file a grievance related to the bathroom access because when he requested a grievance form, "Rothermel, clearly stated 'that I'm not going to give you any f***ing grievance forms, nor will my staff. If you don't like it f***ing sue me'." (Doc. 20, ¶ 18).

Toaz filed two requests for administrative relief related to the June 28, 2017, unit shakedown. (Doc. 16, ¶ 10; Doc. 20, ¶ 10). On October 16, 2017, in Administrative Remedy Number 918430-F1, he sought the immediate return of "all confiscated legal materials." (Id. at 11-13; Id. at 11, 12). The appeal remained pending as of the filing of Defendants' motion for summary judgment. (Id. at 14; Id. at 14). On October 16, 2017, he filed Administrative Remedy Number 918436, arguing that Federal Regulation 28 C.F.R. §543.11, is invalid and should be amended to permit assisting another inmate in preparing post-conviction proceeding filings. (Id. at 15, 16; Id. at 15, 16). The appeal remained pending as of the filing of Defendants' motion for summary judgment. (Id. at 17; Id. at 18).

## IV. Discussion

Defendants seek an entry of summary judgment on the grounds that Toaz failed to fully exhaust his administrative remedies, as required by 42 U.S. C. § 1997e(a), prior to initiating this action. The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, —U.S. —; 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to

take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." Id. at 1856-57.

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," *i.e.* the PLRA requires exhaustion of "available" administrative remedies. Id. at 1858. "Available" is defined as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 1858-59, quoting Booth v. Churner, 532 U.S. 731, 737-38 (2001). There are three instances in which administrative remedies are unavailable. "First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide relief to aggrieved inmates." Id. at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id.

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

Toaz concedes that he did not exhaust his administrative remedies prior to filing suit but argues that he failed to do so because the process was unavailable to him. He alleges, and Defendants do not refute, that Defendants Brown and Rothermel refused to provide him with grievance forms on June 28, 2017, June 29, 2017, and June 30, 2017, and continued to deprive him with grievance forms up to July 14, 2017. Courts have invariably held that affirmative misconduct by prison officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable. See Todd v. Benning, 173 F. App'x. 980, 982-83 (3d Cir. 2006) (expressing approval of the Eighth Circuit's holding in Miller v. Norris, 247 F.3d 736 (8th Cir. 2001) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system"). Examples of affirmative misconduct on the part of prison officials include: (1) threatening a prisoner in an attempt to thwart the prisoner's attempts to exhaust, see Harcum v. Shaffer, No. 06–5326, 2007 WL 4167161, at *5 (E.D.Pa.Nov. 21, 2007) (finding administrative remedies unavailable where prison officials threatened plaintiff with "opposition to his future prerelease application, parole, or outside work detail if he did not withdraw his grievance"), (2) refusing to provide appropriate grievance forms in response to inmate inquiries, see Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), (3) advising an inmate that his or her situation does not require a grievance, see Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (finding that administrative remedies were unavailable to plaintiff who had been advised by prison official that he must wait until the end of the prison's investigation

before filing a grievance), and (4) failing to file or respond to a prisoner's grievances, see Camp v. Brennan, 219 F.3d 279, 280–81 (3d Cir. 2000) (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances regarding their coworkers). In the face of Toaz's undisputed allegations that prison staff affirmatively prevented him from obtaining grievance forms, we are compelled to conclude that the administrative remedy procedure was rendered unavailable. Accordingly, the Court will deny Defendants' motion for summary judgment.

### III. Conclusion

Based on the foregoing, Defendants' motion (Doc. 15) for summary judgment will be denied.

An appropriate Order will enter.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

March 22, 2018