IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALAN TOAZ, | : | CIVIL ACTION NO. 3:17-cv-1425 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WARDEN KATHY P. LANE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Craig Alan Toaz ("Toaz" or "Plaintiff"), a federal inmate incarcerated at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania, filed this Bivens[1] action on August 11, 2017. (Doc. 1). Presently before the Court is Toaz's Motion (Doc. 2) for a Preliminary Injunction. For the reasons set forth below, the Court will deny the motion.

## I.     Allegations of the Complaint

Toaz, who suffers from ulcerative colitis, alleges that on June 26, 2017, he was "having a colitis flare-up." (Doc. 1, ¶ 15). On June 28, 2017, prison staff conducted a mass shakedown in Toaz's housing unit, during which Defendant Snyder restricted bathroom access. (Id. at 17). He alleges that despite the fact that he informed Defendant

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Snyder and another officer of his medical condition, he was denied access to a bathroom for approximately 2 ½ hours. (Id. at 18-20).

He also avers that Defendant Snyder and other unknown officers confiscated his legal and personal property during the shakedown. (Id. at 23). On June 28, 2017, June 29, 2017 and June 30, 2017, Defendants Rothermel and Brown allegedly refused to provide him with administrative remedy forms for the purpose of grieving the confiscation of his property. (Id. at 26, 29, 32). He learned from Defendant Brown on July 1, 2017, that release of his legal property was delayed because other inmate's personal property was found with his legal property. (Id. at 36). He alleges that Defendant Rothermel continued to deny his requests for administrative remedy forms every day from June 28, 2017, to July 14, 2017. (Id. at 43). On July 14, 2017, Defendant Brown returned his personal property. (Id. at 44).

## II. Standard of Review

Preliminary injunctive relief is "an extraordinary remedy" that "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citing AT&T v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994)); see also FED. R. CIV. P. 65. "[T]o obtain a preliminary injunction the moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted.... [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other

interested persons from the grant or denial of the injunction, and (4) the public interest." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017) (citing Del. River Port Auth. v. Transamerican Trailer Transport, Inc., 501 F.2d 917, 919–20 (3d Cir. 1974). A movant must "meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Reilly, 858 F.3d at 179. Only if these "gateway factors" are met is the court required to consider the third and fourth factors. Id. at 176, 179. The court must then balance all four factors to determine, in its discretion, whether the circumstances favor injunctive relief. Id. at 179.

**III.    Discussion**

Toaz seeks to enjoin prison staff from depriving medically impaired inmates use of bathroom facilities during security operations, mandate that prison officials provide him with administrative remedy forms, order prison officials to take various actions related to access to legal property, grant inmates unlimited access to legal documents to assist in preparation of post-conviction motions, and order prison staff to provide him with a detailed list of all personal property seized and not yet returned. (Doc. 2, pp. 4, 5).

    **A.    Likelihood of Success on the Merits**

Toaz argues that that he is entitled to injunctive relief because there is a substantial likelihood of success on the merits of several of his claims. He first cites to his Eighth Amendment claim arising out of the denial of access to the bathroom. (Doc. 2, p. 4).

The Eighth Amendment protects prison inmates from cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that he has suffered "extreme deprivations" that posed a "substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id.; Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

As a general matter, the denial of access to a lavatory has been held to offend the Eighth Amendment only where it is unconscionably long or where it constitutes an ongoing feature of an inmate's confinement. See, e.g., Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992), superseded by statute, Title VIII of Pub.L. No. 104–134, 100 Stat. 1321 (1996), as recognized in Siluk v. Merwin, 783 F.3d 421, 434 n. 77 (3d Cir. 2015) (abrogated on other grounds). Because Toaz raises a single deprivation that was limited

4

in time to 2 ½ hours, it cannot be said that there is a reasonable probability of eventual success on the merits of this claim.

He also asserts that he has a substantial likelihood of success on the merits of his claim that Defendants Brown and Rothermel violated his due process rights in refusing to supply him with forms necessary to initiate the administrative remedy procedure. (Doc. 2, p. 4). However, because prison inmates do not have a constitutional right to a prison grievance system, see Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 137–138 (1977), any claim arising out of access to the grievance system or improprieties in the handling of grievances is not cognizable.

Finally, he contends that he has a substantial likelihood of success on the claim that Defendants denied him access to his legal property. (Doc. 2, p. 4). It is well-established that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). "A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury." Lewis v. Casey, 518 U.S. 343, 351 (1996). However, under Bounds, the "injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those

that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. Toaz alleges that "[on] June 29, 2017, the Sixth Circuit issued their opinion in affirming [his] 30 year sentence that he received from the District Court… Therefore, until staff return all of his legal materials, [he] will be unable to submit a properly prepared writ of Certiorari to the Supreme Court within the 90 day time period that he has from June 29, 2017." (Doc. 1, ¶ 42). Because the complaint is devoid of allegations that he suffered an actual injury, it is unlikely that he will succeed on the merits of this claim.

**B.     Irreparable Harm**

To satisfy the second factor, the moving party "must demonstrate ... the probability of irreparable harm if relief is not granted." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (internal quotations omitted). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). The moving party must demonstrate that it is likely to suffer "actual or imminent harm which cannot otherwise be compensated by money damages," or it "fail[s] to sustain its substantial burden of showing irreparable harm." Frank's GMC, 847 F.2d at 103. The

mere risk of injury is insufficient.  The moving party must establish that the harm is imminent and probable.  Anderson v. Davila, 125 F.3d 148, 164 (3d Cir. 1997).

Toaz contends that he will suffer irreparable injury "unless the injunction is issued requiring LSCI Allenwood Staff to respond to [his] complaints] such as serious bodily injury and access to the Federal Courts. . ."  (Doc. 2, p. 2).  He first states that he has already suffered serious bodily injury due to the restricted bathroom access on June 28, 2017.  This, however, is a past injury that is reparable through litigation.  He next contends that he will suffer injury in the form of denial of access to federal court. because he may be unable to submit his petition for writ of certiorari by the deadline.  This, too, is insufficient.  The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."  Golden v. Zwickler, 394 U.S. 103, 109—110 (1969); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, (1941); United Public Workers v. Mitchell, 330 U.S. 75, 89—91 (1947). "Speculative injury does not constitute a showing of irreparable harm." Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980).  The legal injury alleged is purely speculative.  Finally, he asserts that, because he is unable to assist other inmates in preparing post-conviction motions, those inmates will suffer irreparable harm.  Clearly, the potential harm to a non-party does not establish irreparable harm to Toaz.

## IV. Conclusion

Based on Toaz's failure to meet the two most critical factors, the motion for preliminary injunctive relief will be denied.

An appropriate Order will enter.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

March 22, 2018