UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALAN TOAZ,

    Plaintiff,

v.

KATHY P. LANE, Warden, et al.,

    Defendants.

CIVIL ACTION NO. 3:17-cv-01425

(MUNLEY, J.)
(SAPORITO, M.J.)

FILED
WILKES BARRE
MAR 13 2019
PER ＿＿ＭＳ
DEPUTY CLERK

## MEMORANDUM

This matter comes before the Court on the "Indigent Plaintiff['s] Motion for Transcripts Free of Cost Pursuant to 28 USC §1915(c)(2)." (Doc. 60.)

This is a *pro se* prisoner civil rights action. The plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. In his *pro se* complaint, the plaintiff, Craig Alan Toaz, asserts *Bivens* claims against several federal prison officials, claiming that they were deliberately indifferent to his serious medical needs.

The defendants have interposed an affirmative defense, asserting that Toaz failed to exhaust his administrative remedies before bringing this action. The matter was referred to the undersigned to conduct an evidentiary hearing on the threshold issue of exhaustion, pursuant to

*Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013). (Doc. 43.) A hearing was held before the undersigned on August 28, 2018, at which testimony and documentary exhibits were received into evidence. (*See* Doc. 48 (minute sheet); Doc. 49 (defendants' exhibit list); Doc. 59 (hearing transcript).) The plaintiff has submitted his proposed findings of fact and conclusions of law. (Doc. 55.) He has also submitted a memorandum of law in support of his position. (Doc. 54.) The defendants have requested successive extensions of time to file their proposed findings of fact and conclusions of law, both of which we granted. (Doc. 53; Doc. 56; Doc. 57; Doc. 58.) Their proposed findings of fact and conclusions of law are currently due to be filed on or before April 12, 2019. (Doc. 58.) We, of course, have not yet entered a report and recommendation on the issue of exhaustion, as we await the defendants' submission.

In his *pro se* motion, the plaintiff now requests that we order the court reporter to provide him a copy of the August 28, 2018, hearing transcript, free of charge. In support, he references 28 U.S.C. § 1915(c)(2), which authorizes the Court to direct the United States to pay the cost of producing a transcript for an indigent plaintiff in certain circumstances,

which do not apply here.[1] Under § 1915(c)(2), after a party has been granted *in forma pauperis* status,

> the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under [28 U.S.C. § 636(b)] or under [18 U.S.C. § 3401(b)]; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to [28 U.S.C. § 636(c)].

28 U.S.C. §1915(c). In essence, this statute authorizes the Court to order that an indigent plaintiff be provided with a "free" transcript only for the purposes of a circuit court's appellate review of district court proceedings or a district judge's review of a magistrate judge's orders or recommendations pursuant to § 636(b). *See Doe v. Pryor*, 61 F. Supp. 2d 1235 (M.D. Ala. 1999) ("[T]he statutory authority for charging transcription expenses to the United States for plaintiffs proceeding in

---

[1] We further note that § 1915(c)(2) does not authorize a "free" transcript *per se*. Rather, it authorizes the Court to direct the United States to advance the expenses for preparation of a transcript, which may later be taxed against the opposing party if the indigent party prevails, or which may be collected in installments from a prisoner-plaintiff who does not prevail. *See* 28 U.S.C. § 1915(f).

forma pauperis is limited expressly to transcripts ordered in preparation for appellate proceedings or for *district court review* of matters before a magistrate judge.") (emphasis in original).

> Notably, the statue does not entitle an indigent plaintiff to obtain a copy of a hearing transcript for his own general use. Rather, the statute expressly limits the court's authority to charge the United States for transcription expenses where *the district court* requires a transcript to review matters considered by a magistrate judge.

*Horton v. Doe*, Civil Action No. 09-cv-02220-WJM-KMT, 2012 WL 400352, at *1 (D. Colo. Feb. 8, 2012) (emphasis in original).

Here, we have not yet entered a report and recommendation on the exhaustion issue, so a request for an order directing the United States to pay for a transcript of the evidentiary hearing is premature. Moreover, an indigent plaintiff is only entitled to this "free" copy of a transcript if the presiding district judge finds that he requires the transcript to conduct his review of our recommended disposition of the exhaustion issue. *See Horton*, 2012 WL 400352, at *1.

Alternatively, the plaintiff's *pro se* motion might be construed as a

motion for a free transcript under 28 U.S.C. § 753(f).[2] *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Under this statute, governing the fees charged by court reporters, "[f]ees for transcripts furnished in other proceedings[3] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). But under this statute, an indigent party is entitled to a transcript at public expense only *on appeal*, and only if the indigent litigant demonstrates that the appeal is not frivolous and presents a substantial question. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989); *see also Ford v. City of Philadelphia*, 335 Fed. App'x 229, 231 & n.2 (3d Cir. 2009) (per curiam); *Kot v. Hackett*, Civ. A. No. 92-5120, 1993 WL 432431, at *1 & n.1 (E.D. Pa. Oct. 20, 1993). "Substantial

---

[2] Under § 753(f), the transcript is actually free of charge to the indigent party, with the expenses paid from the public fisc.

[3] "Other proceedings" means proceedings other than criminal proceedings, habeas proceedings, or § 2255 motions to vacate, which are addressed in the preceding sentences of the statute.

questions are those that are reasonably debatable." *Choy v. Comcast Cable Commc'n, Inc.*, Civil No. 08-4092 (RBK/AMD), 2013 WL 3283860, at *1 (D.N.J. June 27, 2013).

> To be sure, § 753(f) was not intended to require free transcripts for all civil litigants proceeding in forma pauperis who argue a sufficiency of the evidence issue or factual issues on appeal. Instead, a successful § 753(f) motion will demonstrate a nexus between specific portions of the trial transcript and the particular grounds on which the plaintiff intends to appeal; the plaintiff must show that the former is necessary for asserting the latter. Stated another way, the plaintiff is obliged to make a particularized showing of his need for a free transcript.

*Id.* at *2 (citations and internal quotation marks omitted).

Here, a § 753(f) motion would likewise be premature, as the transcript at issue is not sought for the purpose of appellate review. Moreover, the plaintiff has failed to make the requisite particularized showing of his need for a free transcript to argue a non-frivolous appeal that presents a substantial question. *See Choy*, 2013 WL 3283860, at *2.

An appropriate Order follows.

Dated: March 19, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge