UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
MAY 03 2019
PER _____
DEPUTY CLERK

CRAIG ALAN TOAZ,
    Plaintiff

v.

NO. 3:CV-17-1425

KATHY P. LANE, Warden, et al,
    Defendants

(Munley, J.)
(Saporito, M.J.)

## PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Plaintiff Craig A. Toaz, acting pro se, respectfully moves this Court to supplement the record to his previously filed motion of "finding of facts and concusions of law" because Plaintiff has recently received a copy of the transcripts from the evidentiary hearing held on August 28, 2018, that were not available to Plaintiff when he submitted his initial response to that hearing.

1. Plaintiff Craig Alan Toaz is an inmate currently incarcerated at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania (LSCI Allenwood), See Compl. (Doc. No.1) Par 3.

2. On August 11, 2017, Toaz filed a <u>Bivens</u> action against Warden Kathy Lane; Captain David Altizer; Unit Manager Curt Rothermel; and Correctional Counselors Casey Snyder and Barbara Brown related to a mass shakedown conducted by staff on June 28, 2017. <u>See id.</u>

3. On December 26, 2017, Defendants filed a Motion for Summary Judgment (Doc. No.15), with supporting materials filed on January 3, 2018 (Doc. Nos. 16, 17), to argue that Toaz failed to exhaust his administrative remedies. The dispositive motion was denied on March 22, 2018 (Doc. No. 26).

1

4. On April 19, 2018, the Court granted Defendant's Motion for Reconsideration based on Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), and afforded the parties the opportunity to supplement the record with evidence relevant to the issue of exhaustion. (Doc. No. 32).

5. On August 28, 2018, the Court conducted an evidentiary hearing. At the conclusion of the hearing, the parties were ordered to file proposed findings of fact and conclusions of law on or before November 15, 2018. (Doc. No. 50).

6. The Defendant's filed two motions for enlargement of time in which to submit their findings of fact and conclusions of Law, which were subsequently granted by this Court.

7. The Defendants filed the above-stated motion on April 12, 2019, which contain the transcripts to the August 28 evidentiary hearing.

8. Now that the Plaintiff has an accurate copy of the transcripts, he respectfully moves this court to supplement the record based on the information provided in the transcripts that was previously unavailable to Plaintiff.

## SUPPLEMENT TO THE RECORD

First Plaintiff provides this Court with a Declaration of Facts, by Inmate Charles Cornelius who had requested a grievance from Case Manager Cramer, who responded to Mr. Cornelius's request, that he did not have the authority to provide him with an institutional grievance form because each form had to be logged in by the Unit Counselor [Ms. Brown], therefore she was the only staff that could issue grievance forms to inmates (See Appendix B).

Mr. Cramer refused to provide Inmate Cornelius with an institutional

grievance form, which is explicitly in the contrary to what Mr. Cramer testified to at the evidentiary hearing where, when asked if he could provide inmates with administrative remedy forms if Ms. Brown was not around, to which he answered yea. (See Appendix A, Transcripts Page 64). Furthermore, there are several other inmates who have requested grievance forms from Mr. Cramer in the last 6 months who he refused to provide them to based on the same conclusion that each form had to be logged out by Ms. Brown, and that he did not have the authority to provide them to inmates.

The other issue of fact that should be further addressed based on the transcripts is that the defendants own witness, Ms. Ashley Holstein from the record department, when questioned whether the Bureau of Prisons had the authority to grant Mr. Toaz's request for Relief on his administrative remedy at the highest level of the B.O.P. Ms. Holstein clearly stated that Central Office does not have the authority to grant the grievance that was subsequently submitted by Mr. Toaz. Therefore concluding that the institutional grievance procedure would be unavailable to Mr. Toaz or any other inmate to challenge the BOP policies on the possession of legal materials by inmates.

## CONCLUSION

It became very clear by the Defendants' own witnesses, and the facts certainly show that the administrative remedy procedures were not available to Plaintiff where the highest level of the BOP did not have the authority to address the issue presented in Plaintiff's grievance provided in the Central Office answer to Mr. Toaz's grievance request and further verified by the Defendants' own witness.

Therefore, for the above given reasons and through the facts and law argued in the previously filed motion, this Court should deny the Defendants' Motion for Summary Judgment and set a trial date for these proceedings.

3

Respectfully Submitted,

Dated: 5/1/19

Craig A. Toaz
Reg. No. 07990-040
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

I, Craig Toaz, pursuant to 28 USC §1746, hereby declare under the penalty of perjury that I have mailed the above documents to the referenced parties below, by delivering them to prison officials at my institution for mailing in accord with Houston v. Lack, 487 US 266, 275-76 (1988); (prisoner's pleading deemed filed when executed and delivered to prison authorities for mailing).

Dated this 1st day of May, 2019.

Craig A. Toaz

Served on:

US Attorneys Office
AUSA Michael Butler
228 Walnut St, 2d Fl
PO Box 11754
Harrisburg, PA 17108

4

# APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Craig Alan Toaz,
    Plaintiff

v.

Kathy P. Lane, Warden, et.al.
    Defendants

DECLARATION OF A MATERIAL WITNESS
CHARLES CORNELIUS, IN SUPPORT
OF THE PLAINTIFF

I, Charles Cornelius, do hereby declare under the penalty of perjury:

1) I am a federal prisoner that has been incarcerated at LSCI Allenwood, Pennsylvania; assigned to housing Unit Gregg B.

2) My unit counselor is Ms. Brown.

3) My unit case manager is Mr. Cramer.

4) It is my understanding that both Ms. Brown and Mr. Cramer are both defendants in the above-entitled case.

5) On or about the first week of October, 2018, I requested for Mr. Cramer to provide me with the appropriate grievance forms (specifically a BP-8) in which to challenge this instituion's practice of forcing inmates who are on gate pass to work double shifts when the US Penitentiary is on lockdown.

6) Specifically, I work the midnight shift at the Power Plant, and after my shift was finished at 6:00AM, I was forced to go to the US Penitentiary to help prepare the inmate meals while that institution was on lockdown; therefore I requested a grievance form from Mr. Cramer.

1

7) At that time, Mr. Cramer informed me that he did not have the authority to give me a grievance form(s) because each form had to be logged in by Ms. Brown.

8) Mr. Cramer further informed me that I would have to wait until Ms. Brown returned the following day, because it happened to be Ms. Brown's day off that particular day.

9) I explained to Inmate Toaz what Mr. Cramer had told me in paragraph 5,6, and 7 above. Toaz then asked me to prepare this declaration for his pending civil right lawsuit because, as Toaz explained to me, that Mr. Cramer had previously testified to this Court that he would have given Toaz or any other inmate a grievance form at any time that it was requested.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in Court and is subject to penalty of perjury.

Respectfully Submitted this date November, 11-9, 2018.

Charles Cornelius

# APPENDIX B


DEFENDANT EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
 2
    CRAIG ALAN TOAZ,            )
 3                              )
                 Plaintiff      )
 4                              )
            vs                  )  3:17-CV-01425
 5                              )
    WARDEN KATHY P. LANE, et al,)
 6                              )
                 Defendants     )
 7  _____)

 8       TRANSCRIPT OF PROCEEDINGS - EVIDENTIARY HEARING
            BEFORE THE HONORABLE JOSEPH F. SAPORITO, JR.
 9                 TUESDAY, AUGUST 28, 2018
                 WILKES-BARRE, PENNSYLVANIA
10

11

12

13 FOR THE PLAINTIFF:
      PRO SE:  CRAIG ALAN TOAZ
14

15 FOR DEFENDANTS:
      MICHAEL BUTLER, ESQ.
16    United States Attorney's Office
      228 Walnut Street
17    Suite 220
      Harrisburg, PA  17108
18

19

20

21
   Proceedings recorded by machine shorthand, transcript produced
22 by computer-aided transcription.

23 _____
            SUZANNE A. HALKO, RMR, CRR
24          CERTIFIED REALTIME REPORTER
              235 N. WASHINGTON AVENUE
25          SCRANTON, PENNSYLVANIA 18503
```

1 copies now.

2   You were making reference to what is now Plaintiff's
3 Exhibit 1.

4                       CROSS EXAMINATION
5 BY MR. TOAZ:
6 Q.   Plaintiff's Exhibit No. 1, do you have a copy of that,
7 ma'am?  Did she get a copy of that?  No. 1 and No. 2, do you
8 have them?
9 A.   Yes.
10 Q.   The administrative remedy on that one coincides with one
11 of the grievances that I filed?
12 A.   Correct.
13 Q.   You should have probably the one that went to central
14 office?
15 A.   Correct.
16 Q.   Could you read the last part of the second paragraph where
17 it starts with, the warden and the regional director addressed
18 your concerns at this time?
19 A.   The warden and regional director addressed your concerns
20 at the time of your request for administrative remedy and
21 subsequent appeal.

22   As indicated by the regional director, your request and
23 CFR cannot be done at this level.  Accordingly, your appeal is
24 denied.
25 Q.   Wouldn't you agree if it couldn't be done at that level,

1  then I had no access to the grievance procedures?
2          MR. BUTLER: Objection, Your Honor.
3          She is not a witness that -- she is not the person
4  who actually denied this.
5          THE COURT: Well, she may be familiar with the
6  procedures. So the objection is overruled. You may answer the
7  question.
8          THE WITNESS: I mean, this is a central office
9  response. I have -- you know, I have no --
10 BY MR. TOAZ:
11 Q.   If the central office does not have the authority to grant
12 a grievance, then the grievance procedure would be unavailable
13 to the inmate, wouldn't it?
14 A.   I mean, the way it is written, I guess. I mean, I'm not
15 familiar with this.
16         MR. TOAZ: Thank you. That's all the questions I
17 have.
18         THE COURT: Anything further questions from the
19 Defense?
20                     REDIRECT EXAMINATION
21 BY MR. BUTLER:
22 Q.   Did you draft this response?
23 A.   No.
24 Q.   Do you have any personal knowledge of this response at
25 all?

1  On the 30th, yes, certainly I was available.
2  THE COURT: All right. That's all I have.
3  Anything further in follow up?
4  MR. BUTLER: No, Your Honor.
5  THE COURT: Mr. Toaz, any further questions in follow
6  up?
7  MR. TOAZ: Just one thing.

FURTHER RECROSS EXAMINATION

BY MR. TOAZ:
Q. On the 30th, you said you were augmented to the unit officer. So you would have been working the unit officer's space, and, like I said, if we had a conversation, it probably took place there, wouldn't it?
A. It would probably take place there, yes.
   MR. TOAZ: No further questions.
   THE COURT: You may step down. Be careful getting out of the box.
   You may call your next witness.
   MR. BUTLER: Jon Cramer, Your Honor.
JON CRAMER, having been duly sworn according to law, testified as follows:

DIRECT EXAMINATION

BY MR. BUTLER:
Q. Sir, by who are you employed?
A. Federal Bureau of Prisons.

1 Q. In particular, what institution?
2 A. Low security correctional institution in Allenwood,
3 Pennsylvania.
4 Q. Your current title is what?
5 A. Correctional treatment specialist. My official title is
6 case manager.
7 Q. Let's quickly provide the Court with your BOP employment
8 history.
9 When did you start with the BOP?
10 A. In February of 1995.
11 Q. Where were you at?
12 A. I was initially hired at the Federal Prison Camp at
13 Allenwood as a co-op intern in case management.
14 I subsequently was hired full time as a correctional
15 officer in December of 1995.
16 Q. Then where did you go after that?
17 A. I was transferred to the low security correctional
18 institution of Allenwood in April of '97.
19 Q. As a correctional officer?
20 A. Yes.
21 Q. How long were you there?
22 A. I have been at that institution from there forward. I
23 became a case manager in January of 1999.
24 Q. And been a case manager ever since at the low?
25 A. Yes, sir.

63

Q. In particular, what institution?

A. Low security correctional institution in Allenwood, Pennsylvania.

Q. Your current title is what?

A. Correctional treatment specialist. My official title is case manager.

Q. Let's quickly provide the Court with your BOP employment history.

When did you start with the BOP?

A. In February of 1995.

Q. Where were you at?

A. I was initially hired at the Federal Prison Camp at Allenwood as a co-op intern in case management.

I subsequently was hired full time as a correctional officer in December of 1995.

Q. Then where did you go after that?

A. I was transferred to the low security correctional institution of Allenwood in April of '97.

Q. As a correctional officer?

A. Yes.

Q. How long were you there?

A. I have been at that institution from there forward. I became a case manager in January of 1999.

Q. And been a case manager ever since at the low?

A. Yes, sir.

Q. Tell the Court about your duties, and let's just refer to it for clarification purposes as a case manager.

A. Case manager, correct.

As part of the function of the unit team, my duties include inmate classification, programming recommendations.

I provide technical expertise, as far as issues concerning release programming, disciplinary, ensure that the inmates are correctly housed in regards to their security level.

Basically, if it has to do with paperwork and that sort of thing, that's within my purview.

Q. Are you familiar with Mr. -- so you're in the Gregg Unit as well?

A. Correct; Gregg B.

Q. Can you provide inmates with the administrative remedy forms if Miss Brown is not around?

A. Yes, I can.

Q. The BP-8s and BP-9s and so forth, you can provide that to Mr. Toaz and the other inmates that are in that unit?

A. Sure.

Q. Are you familiar with Mr. Toaz?

A. I am.

Q. How are you familiar with Mr. Toaz?

A. He's on my caseload. I see him a couple times a week. My office is right on the housing unit, so I see him in my day-to-day movements around the unit, if he comes by and has a



Craig Toaz #07990-040
Low Security Correctional Institution Allenwood
P.O. Box 1000
White Deer Pa 17887

◇07990-040◇
William J Nealon Fed Bldg
US Courthouse
PO BOX 1148
Scranton, PA 18501
United States

RECEIVED
SCRANTON
MAY 03 2019
PER _____ DEPUTY CLERK