IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALAN TOAZ, | No. 3:17-CV-01425 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| KATHY P. LANE, Warden, *et al.*, | |
| Defendants. | |

### ORDER

**AUGUST 31, 2020**

Plaintiff filed the instant action on August 11, 2017. The instant action was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On May 1, 2020, Magistrate Judge Joseph F. Saporito, Jr., to whom this matter is jointly assigned, issued a thorough report and recommendation

---

[1] 28 U.S.C. 636(b)(1)(B).
[2] 28 U.S.C. 636(b)(1).

recommending that Plaintiff's action be dismissed due to Plaintiff's failure "to exhaust all available administrative remedies."[3]

Plaintiff filed objections to the report and recommendation on June 17, 2020.[4] When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[5] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[6] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

---

[3] Doc. 67 at ¶ 48.
[4] *See* Doc. 70.
[5] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).
[6] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[7] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a *de novo* review here and found no error.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Saporito's May 1, 2020, Report and Recommendation, Doc. 67, is **ADOPTED in full**.

2. Final Judgment is entered in favor of Defendants and against Plaintiff.

3. The Clerk is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge